**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GARY CANTERBURY, Administrator of
the Estate of Justin Canterbury,
deceased,
<u>Plaintiff-Appellant,</u>

v.                                                                          No. 99-2503

MOUNTAIN ENTERPRISES,
INCORPORATED, a Kentucky
corporation,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CA-98-489-2)

Submitted: June 20, 2000

Decided: July 20, 2000

Before WILKINS and LUTTIG, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James Allan Colburn, Amy C. Crossan, BOUCHILLON, CROSSON
& COLBURN, L.C., Huntington, West Virginia, for Appellant. John
Andrew Smith, Richard G. Conley, SMITH, CONLEY & WELL-
BORN, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gary Canterbury, administrator of the estate of his son, Justin Canterbury (the Estate), appeals the order of the district court granting summary judgment in this diversity action. See 28 U.S.C. § 1332 (West 1993 & Supp. 2000). We affirm.

On June 5, 1996, Justin Canterbury was riding in a car driven by Harold Maynard on Laurel Creek Road in Mingo County, West Virginia. The car left the road, hit a tree, and landed upside down. Justin Canterbury was ejected from the vehicle and died eleven days later. Harold Maynard suffered serious injuries, and has no memory of the accident.

The Estate filed this action against Mountain Enterprises, Inc. (Mountain), alleging that the accident was caused by the negligence of Mountain's employee, Donnie Canterbury. In ruling on Mountain's motion for summary judgment, the district court concluded that Donnie Canterbury was not acting in the scope of his employment at the time of the accident, and therefore Mountain bore no responsibility under the doctrine of respondeat superior.

On appeal, the Estate argues that the district court erred, and asserts that genuine issues of material fact exist as to whether Donnie Canterbury was still acting in the scope of his employment. We agree with the district court that any factual discrepancies as to the time Donnie Canterbury ceased work on the day in question do not create a genuine issue of material fact as to whether he had ceased work for the day and was on his way home at the time of the accident. The doctrine of respondeat superior is generally not applicable during the period an employee is going to or coming from work. Courtless v. Jolliffe, 507 S.E.2d 136, 141 (W. Va. 1998). Therefore, having reviewed the district court's grant of summary judgment de novo, Altizer v. Deeds,

2

191 F.3d 540, 547 (4th Cir. 1999), we conclude that no genuine issues of material fact exist and Mountain was entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

We therefore affirm the district court's grant of summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3